John M. Kim (Bar No. 188997)
jkim@ipla.com
Joshua J. Richman (Bar No. 243147)
jrichman@ipla.com
**IP Legal Advisors, P.C.**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Brad E. Harrigan (Louisiana Bar No. 29592)
bharrigan@lawla.com
*Pro Hac Vice* Application Pending
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Tel: 504-568-1990
Fax: 504-310-9195

Attorneys for Plaintiff
Franco Whole Foods, LLC

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Franco Whole Foods, LLC, a California limited liability company, | Case No.: **'13CV0037 BTM WMC** |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| Fresca Mexican Foods, Inc., an Idaho corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, Franco Whole Foods, LLC ("Plaintiff") alleges as follows:

## NATURE OF ACTION

1. On December 18, 2012, Plaintiff received from Defendant Fresca Mexican Foods, Inc. ("Defendant"), the written cease and desist letter attached to this Complaint as Exhibit A (the "Cease & Desist Letter"). In the Cease & Desist Letter, Defendant alleges that the Plaintiff has

-1-    Case No.
COMPLAINT FOR DECLARATORY RELIEF

infringed and is infringing its trademark rights in violation of state and federal law.

2. This lawsuit seeks a declaration from this Court, under 28 U.S.C. §§2201 and 2202, that Plaintiff has not and is not infringing Defendant's trademark rights under either state or federal law.

## PARTIES

3. Plaintiff Franco Whole Foods, LLC is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 1225 Exposition Way, Suite 110, San Diego, California 92154.

4. Upon information and belief, Defendant Fresca Mexican Foods, Inc. is a corporation organized and existing under the laws of the State of Idaho with its principal place of business located at 11193 Emerald Street, Boise, Idaho 83713.

## JURISDICTION AND VENUE

5. Jurisdiction with this Court is proper under 28 U.S.C. § 1331 (federal question jurisdiction) because this case involves an actual controversy arising under the Lanham Act, 15 U.S.C. § 11051, et seq.

6. This Court has personal jurisdiction over the Defendant because, upon information and belief, Defendant sells its food products to consumers or resellers located in this Judicial District.  Upon information and belief, Defendant owns and operates the website http://www.frescamex.com/, from which distributors and wholesalers located within this Judicial District can inquire about reselling the Defendant's food products in this Judicial District.  Nothing on the aforementioned website indicates that the Defendant does not transact business in this Judicial District.  Finally, Defendant sent the Cease & Desist Letter to Plaintiff at an address located within this Judicial District.  The aforementioned contacts with this Judicial District are sufficient to permit this Court to lawfully exercise personal jurisdiction over the Defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this Judicial District.

////

**PLAINTIFF'S TRADEMARK**

8. Plaintiff specializes in the production and sale of high-quality flour and corn tortillas. Plaintiff's product line also includes precooked multigrain flatbreads.

9. On May, 23, 2012, Plaintiff filed a Trademark Application with the U.S. Patent and Trademark Office ("USPTO") to register the following trademark in Class 30 for "[t]ortillas":



(hereafter, the "TORTILLA FRESCA Design Mark"). The TORTILLA FRESCA Design Mark Application was assigned Serial No. 85/633,370.

10. Plaintiff's tortilla products bearing the TORTILLA FRESCA Design Mark are sold through retail distribution channels directly to individual consumers.

11. On September 19, 2012, the USPTO issued an Office Action in which the assigned Trademark Examining Attorney requested a disclaimer of the words "TORTILLA FRESCA" on the grounds that they were descriptive of the claimed goods. Also in the Office Action, the Trademark Examining Attorney stated that he had "searched the Office's database of registered and pending marks and [had] found no conflicting marks that would bar registration under Trademark Act Section 2(d)."

**DEFENDANT'S CEASE & DESIST LETTER**

12. In its Cease & Desist Letter, Defendant claims to own the following two Trademark Registrations:

///
///
///

| Reg. No. 1998933<br><br>Mark: **FRESCA** MEXICAN FOODS<br><br>Class 30: flour tortillas, corn tortillas and fried corn tortilla chips sold in bulk form to institutions and to wholesale markets | Reg. No. 21198264<br>Mark: FRESCA MEXICAN FOODS<br>Class 40: manufacturing of custom ordered food products for others |
|---|---|

(hereafter "Defendant's Registrations").

13. In its Cease & Desist Letter, Defendant also claims to own exclusive rights to the word "FRESCA" in connection with tortillas and other prepared Mexican foods. However, on information and belief, Defendant does not own a U.S. trademark registration or application for the term "FRESCA" alone.

14. On information and belief, Defendant is a manufacturer of heat-pressed, hand-stretched flour and corn tortillas and tortilla chips.

15. On information and belief, Defendant sells its products in bulk to institutions and resellers and not to individual consumers.

16. Plaintiff believes that it is unlikely that consumers would confuse its tortilla products sold under its TORTILLA FRESCA Design Mark with Defendant's products sold under Defendant's Registrations or the term FRESCA, and therefore denies that its TORTILLA FRESCA Design Mark infringes Defendant's trademark rights under either state or federal law.

## CAUSE OF ACTION

### Declaratory Relief

17. Plaintiff re-alleges and incorporates by this reference Paragraphs 1 through 16, as though fully set forth herein.

18. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Plaintiff that it will face suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1) over its continuing advertising, promotion, and sale of tortillas bearing the TORTILLA FRESCA Design Mark.

19. Plaintiff's TORTILLA FRESCA Design Mark does not infringe Defendant's Registrations, or its use of the term FRESCA, for at least the following reasons: (a) the term

"fresca" is commonly understood by United States consumers of food products to mean "fresh" and is therefore descriptive and not capable of identifying the source of food products; (b) Defendant does not have substantially exclusive use of FRESCA in connection with food products; (c) the design components of Plaintiff's TORTILLA FRESCA Design Mark are sufficiently distinctive and dissimilar to Defendant's Registrations, or its use of the term FRESCA, such that there is no likelihood of confusion; and (d) the parties' respective customers and marketing channels are sufficiently different such that it is unlikely that the consumers will confront both marks together in the marketplace in a way that is likely to cause confusion as to source.

20. Based on the Cease & Desist Letter, an actual controversy exists between Plaintiff and Defendant concerning Plaintiff's lawful advertising, promotion, and sale of tortillas bearing the TORTILLA FRESCA Design Mark and Plaintiff's application for registration of its TORTILLA FRESCA Design Mark. A judicial declaration is necessary to settle this dispute and to clarify the parties' respective rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. the Court declare that Plaintiff's advertising, promotion, and sale of tortillas bearing the TORTILLA FRESCA Design Mark and its application to register its TORTILLA FRESCA Design Mark, does not constitute trademark infringement or unfair competition under state or federal law; and

21. the Court declare that Plaintiff's continued advertising, promotion, and sale of tortillas bearing the TORTILLA FRESCA Design Mark, and its application to register the TORTILLA FRESCA Design Mark, has not caused irreparable harm or monetary damage to Defendant; and

22. the Court declare that Plaintiff is entitled to use and register its TORTILLA FRESCA Design Mark and that Defendant is not entitled to enjoin or prevent such use or registration; and

23. the Court award Plaintiff its attorneys' fees and costs incurred in this action; and

1    24.    the Court award Plaintiff such other relief as the Court may deem just and proper.

Dated:  January 8, 2013

Respectfully submitted,

IP Legal Advisors, P.C.
By:

S/Joshua J. Richman
_____
John M. Kim
jkim@ipla.com
Joshua J. Richman
jrichman@ipla.com
Attorneys for Plaintiff
Franco Whole Foods, LLC

Brad E. Harrigan (Louisiana Bar # 29592)
bharrigan@lawla.com
*Pro Hac Vice* Application Pending
Attorney for Plaintiff
Franco Whole Foods, LLC

-6-    Case No.

COMPLAINT FOR DECLARATORY RELIEF

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

Dated: January 8, 2013

            Respectfully submitted,

            IP Legal Advisors, P.C.
            By:

            S/Joshua J. Richman
            _____
            John M. Kim
            jkim@ipla.com
            Joshua J. Richman
            jrichman@ipla.com
            Attorneys for Plaintiff
            Franco Whole Foods, LLC

            Brad E. Harrigan (Louisiana Bar # 29592)
            bharrigan@lawla.com
            *Pro Hac Vice* Application Pending
            Attorney for Plaintiff
            Franco Whole Foods, LLC